## BOUCHARD TRANSP. CO., Inc., v. CONNERS MARINE CO., Inc., et al.

### Nos. 284, 285.

Circuit Court of Appeals, Second Circuit.

June 22, 1942.

Edmund F. Lamb and Purdy & Lamb, all of New York City, for appellant.

Christopher E. Heckman and Foley & Martin, all of New York City, for R. E. Matton, Inc.

Frank C. Mason and Mahar & Mason, all of New York City, libellant-appellee for Bouchard Transp. Co., Inc.

Leo F. Hanan and Macklin, Brown, Lenahan & Speer, all of New York City, for Burrows Paper Corporation, Mohawk Valley Paper Co., Inc. and Frontier Fuel Oil Corporation.

Before L. HAND, AUGUSTUS N HAND, and CHASE, Circuit Judges.

PER CURIAM.

The liability of the tug, "Matton No. 20," depended upon questions of fact which were determined by findings of the District Court. We have examined the

evidence and cannot say that the findings were "clearly erroneous." Petterson L. & T. Corp. v. New York Central R. Co., 2 Cir., 126 F.2d 992. Nor can we see sufficient reason to charge the tug, "Ralph E. Matton," for failing to sound a signal— presumably an "alarm"—after she saw that the eastbound tow was in motion. The lines to the first and fourth barges (the only barges made fast) had been cast off, and presumably they could not then have been again tied up to the wall; and, while the "Matton No. 20" may not have seen that her tow was swinging over, the "Ralph E. Matton" had no reason to suspect that she did not. Perhaps a danger signal would have been appropriate, but we think that it was not obligatory, the whole situation being apparent to all concerned. Reiss S. S. Co. v. The Claremont, D.C., 12 F.Supp. 288, affirmed, 2 Cir., 80 F.2d 1017.

 On the other hand, we can see no reason to hold the barges. The theory upon which they were charged was that, when the bargees heard the signal of the "Matton No. 20" to cast off, they should have disregarded it as patently too perilous to be obeyed; and, although we are in considerable doubt whether the order was in fact as dangerous as this presupposes, arguendo we will assume so. We have indeed often charged bargees with the duty of tending their lines (Tucker v. Reading Co., 2 Cir., 127 F.2d 527), when they are left in charge; but we have as often held that they must obey the tug's orders when they are in tow. The Margaret Irving, 2 Cir., 47 F.2d 230. There must never be a divided command, and a bargee would not be a fit person to have any part in it, if it were tolerable at all. Indiscipline will in the end be more dangerous than blind obedience, unless indeed the bargee has reason to suppose that the tug's order is given in ignorance of the true situation—which was not the case here.

 While it is not customary to leave to a commissioner such issues as whether the "Mattoon No. 20" was liable for the injuries alleged to have been suffered by the Burrows Paper Corporation, the Mohawk Valley Paper Company, Inc., and the Frontier Fuel Oil Company, that course is permissible, and we will not disturb the decree in that respect.

Decree modified by exonerating the barges and affirmed as modified. Costs divided.